# PETERS

*v.*

# ANDERSON.

*(Supreme Court of Appeals of Virginia, Dec. 5, 1895.)*

[23 S. E. Rep. 754.]

### Broker's Commission—Deferred Payments—Case at Bar.

Where a broker who sold certain property for a receiver was entitled to have only a proportionate part of his commission out of the sum paid down, and was to participate at the same rate in the deferred payments, but the purchaser made default in the deferred payments, and the property was sold under a trust deed securing the unpaid purchase price, and was bid in by another for a nominal sum, but the purchaser, pursuant to a guaranty he had made to the receiver, paid a much larger sum, the broker is entitled to his commission on said larger sum.

Appeal from corporation court of Norfolk.

Petition filed by J. S. B. Anderson in the chancery suit of Thom and others against Dismal Swamp Canal Company and others. From a decree in favor of petitioner, W. H. Peters, receiver in said suit, appeals. Affirmed.

*White & Garnett*, for appellant.

*James F. Duncan* and *Neely & Seldner*, for appellee.

CARDWELL, J., delivered the opinion of the court.

This is the second appeal in this case to this court, the parties here now occupying the same relation to each other as in the first case. The case in the first appeal, reported in 88 Va.

1051, 14 S. E. 974, was as follows:   W. H. Peters, receiver of the Exchange National Bank of Norfolk, having become the owner of the Dismal Swamp Canal Company's property and franchises, purchased at a sale thereof for the benefit of the Exchange National Bank in the suit of A. P. Thom et al. v. Dismal Swamp Canal Company et al., negotiated a sale of the property to Eugene T. Lynch and John C. Short by the name of Norfolk & North Carolina Canal Company, through J. S. B. Anderson, and reported the sale to Lynch and Short to the corporation court of Norfolk city, and petitioned the court to confirm the sale, which was done.   The petition asking the confirmation of the sale stated that the price to be paid was $85,000, less a commission of 10 per cent. to be paid to Anderson "for his services in negotiating the sale"; that $10,000 was to be paid in cash, the balance in six months, and to be secured by a deed of trust on the property.   The $10,000 was paid, and the deed of trust was executed to T. S. Garnett, trustee, to secure the payment of the remaining $75,000. Afterwards Anderson claimed his commission upon the whole sale out of the cash payment of $10,000, and it was allowed by the decree of the corporation court of Norfolk, but upon an appeal to this court, allowed to Peters, receiver, the decree of the corporation court was reversed (14 S. E. 974), this court holding that Anderson was only entitled to his proportionate share of the cash payment, namely, 10 per cent., and so with respect to any future payments that might be made.   The mandate of the court was as follows:   "* * * Appellee, J. S. B. Anderson, is entitled as a commission for effecting the sale by the appellant to Lynch and Short * * * to ten per centum of the amount of the purchase money, and is entitled to ten per centum, and no more, of the cash payment of $10,000 already paid by the purchasers to the appellant, with interest from the time it was so paid, and so at the same rate in respect to any future payments on account of the sale that may be made or realized."   Peters v. Ander-

son, supra. The following statement of facts agreed forms the basis of the decree of the coporation court of the city of Norfolk from which this appeal was allowed, to wit: "(1) That the property mentioned in the said petition as having been sold by the trustee is all of the property, rights, and franchises of the canal company which were conveyed by E. T. Lynch and John C. Short, by the name of the Norfolk and Carolina Canal Company, to T. S. Garnett, trustee, by the deed of trust dated the 23d day of November, 1889, and that the same was sold by said trustee, at auction, in Norfolk, Virginia, on the 26th day of July, 1892, in the manner and on the terms set forth in the answer of W. H. Peters, receiver, to the said petition, this day filed. (2) That at said sale the whole of said property, after repeated bids, was knocked down to Mr. T. R. Ballentine, agent for W. B. Brooks and his associates, for the price of $10,100 ; that being the highest bid obtained for the same. (3) That before ordering the said sale to be made, the receiver, in order to protect his said trust and prevent a sacrifice of the said property, which had so long remained unsalable, has required the said T. R. Ballentine, agent, as aforesaid, to give him a guaranty that the property should bring the sum of $45,000, and accordingly, after the said sale, the purchaser complied with his said guaranty, and paid the sum of $45,000, which, after the payment of all the expenses of sale, including trustee's commissions to T. S. Garnett, trustee ($909), left a balance of $42,881.50, and this sum was applied on the 30th day of July, 1892, as a credit on the debt secured to the receiver under the said deed of trust. (4) That, but for this guaranty, which was effected solely by the receiver's efforts, the said canal and its property would not have been sold at auction at that time. (5) That the receiver holds no security for the unpaid balance of the purchase money owing by the said E. T. Lynch and John C. Short by the name of the Norfolk and Carolina Canal Company, and the said company has no assets."

Anderson, upon his construction of the mandate of this court upon the first appeal, and upon the statement of the facts just given, demanded of the receiver, Peters, his commission at the rate of 10 per cent. on the payment of $42,881.50, which was denied, the receiver contending that he was only entitled to a commission on $10,100 ; whereupon Anderson filed his second petition in the cause of Thom et al. v. Dismal Swamp Canal Co., claiming commission upon the $42,881.50, the net amount received by the receiver from the sale of the canal property to Ballentine, agent, etc. ; and upon it and the agreed facts the corporation court of the city of Norfolk decreed to Anderson his commission at 10 per cent. on the said sum of $42,881.50, with interest from the 30th day of July, 1892.

The only question now to be considered upon the appeal from this last-mentioned decree is as to the true construction of the mandate of this court on the former appeal. The contention of appellant, notwithstanding the mandate of this court to the effect that Anderson was to be entitled to his commissions on the future payments on account of the first sale that might be made, or realized, in effect is that, though the property might have by the same method adopted, as shown by the agreed facts, been struck off publicly to Ballentine, agent, etc., at a nominal price of $1, and yet the receiver receive therefor the net sum of $42,881.50, applied as a credit on the amount due by Lynch and Short, Anderson could not obtain commission on any sum greater than the nominal price at which the property was struck off. This does not appear reasonable. The agreement effected by the receiver with Ballentine, agent, etc., amounted to no more and no less than a guaranteed bid for the property at the sum of $45,000. Anderson had made the sale in the first instance, and $10,000 in cash had been received, and the security for the balance of the purchase money was taken and accepted by the receiver with the approval of the court, and there can be no doubt but that Anderson was entitled, according to the mandate of this court, to his commission upon whatever was

realized from the security taken, no matter how it was realized, just so it was realized from the property securing the money due from Lynch and Short, and went, as it did, to the discharge of the obligation of Lynch and Short for the purchase money due on the first sale. We cannot see how it can be contended that the trustee making the sale, at which Ballentine, agent, etc., became the purchaser, could receive his commission upon the entire $45,000 paid by Ballentine for the property, and yet Anderson be not entitled to his commission upon the full amount realized by the receiver from that sale. We are of opinion that the decree of the court now under consideration is without error, and it is therefore affirmed.